IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARNOLD O. YEARY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-99-129-C |
| ) | |
| JO ANNE BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 3, 2006, United States Magistrate Judge Gary Purcell issued his Report and Recommendation ("R&R") in this action in which Plaintiff seeks review of the denial of his application for disability insurance benefits. Judge Purcell recommended the Commissioner's decision be affirmed. Plaintiff's objection to the R&R was timely filed on November 22, 2006, and the Court reviews the matter de novo.

Plaintiff's objections to the R&R are that: 1) the ALJ erred in finding that he could perform his past relevant work ("PRW") and that Judge Purcell erred in improperly making a factual analysis to support the ALJ's finding; 2) the ALJ erred in finding other jobs exist which he could perform and Judge Purcell erred by bolstering the ALJ's findings by performing his own analysis of Dictionary of Occupational Titles ("DOT"); 3) the ALJ erred in finding Plaintiff had the residual functional capacity ("RFC") to perform light work on a sustained basis; 4) the ALJ erred in questioning the vocational expert ("VE") because when

all Plaintiff's limitations are considered the evidence demonstrates that he does not have the RFC to engage in his PRW or in substantial gainful activity; 5) Judge Purcell erred by failing to recognize that the ALJ had failed to properly evaluate Plaintiff's medical evidence because the ALJ did not specify which records were accepted and which were rejected; and 6) Judge Purcell erred in finding that the ALJ had adequately explained his findings regarding Plaintiff's credibility.

Plaintiff's complaints are without merit. To the extent Plaintiff complains of the lack of evidence at the supplemental hearing,[1] it was clear from the remand Order and the ALJ's findings that factual evidence adduced at the earlier hearing was considered by the ALJ and the VE in forming their opinions in this case. When the evidence from the two hearings is considered, it is clear there is substantial evidence supporting the ALJ's findings regarding Plaintiff's ability to perform his PRW and the existence of other available jobs. Further, many of Plaintiff's objections merely restate those considered and rejected by Judge Purcell. The Court finds no error in Judge Purcell's resolution of Plaintiff's complaints. Finally, to the extent Plaintiff complains that Judge Purcell engaged in improper post hoc justification, the Court finds no support for Plaintiff's claim. As Plaintiff notes, the Tenth Circuit has held that it is improper for a reviewing court to "'draw factual conclusions on behalf of the ALJ.'" Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001) (quoting Prince v. Sullivan,

---

[1] The 1999 supplemental hearing occurred after the matter was remanded. The remand was necessary because the VE testifying at the 1996 hearing had incorrectly stated his credentials. However, there was no suggestion the evidence received at the 1996 hearing was incorrect.

933 F.2d 598, 603 (7th Cir. 1991).  However, the Court finds no evidence the R&R engages in this activity.  Rather, the R&R gathers all the material relied on by the ALJ and corrals it into a single document to ease the Court's understanding of the issue.  To the extent the R&R expounds on the material, it does not do so by reaching factual conclusions beyond those reached by the ALJ.

Accordingly, the Court ADOPTS the Report and Recommendation issued by the Magistrate Judge on November 22, 2006, in its entirety, and AFFIRMS the decision of the Commissioner.  A judgment shall issue accordingly.

IT IS SO ORDERED this 22nd day of January, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge